2018V00204/SD/gr
CRAIG CARPENITO
United States Attorney
By: SARAH DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 645-2700
Fax: (973) 297-2042
Sarah.Devlin3@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Hon. |
| v. | : | Civil Action No. 18- |
| **APPROXIMATELY $96,001 IN UNITED STATES CURRENCY;** | : | **VERIFIED COMPLAINT FOR FORFEITURE _IN REM_** |
| **AND** | : | |
| **ONE ROLEX OYSTER PERPETUAL DATEJUST WATCH MODEL NO. 16233, SERIAL NO. 1747098** | : | |
| Defendants _in rem._ | : | |

Plaintiff, the United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, for its verified complaint (the "Complaint") alleges, upon information and belief, as follows:

**I. NATURE OF THE ACTION**

1.  This action is brought by the United States of America seeking the forfeiture of approximately $96,001 in United States currency (the "defendant currency") and one Rolex Oyster Perpetual Datejust Watch Model No. 16233,

Serial No. 1747098 ("defendant watch"), seized from a residence located at 28334 School House Road, Columbus, New Jersey, on or about November 15, 2017 (hereinafter referred to collectively as the "Defendants in rem" or the "defendant property").

2. The Defendants in rem are subject to seizure and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the District of New Jersey and pursuant to 28 U.S.C. § 1395(b), because the Defendants in rem were seized in the District of New Jersey.

5. The Defendants in rem are in the custody of the United States Marshals Service.

## III. FACTS

6. The Complaint sets forth (i) two deliveries of narcotics transported to the District of New Jersey via tractor-trailer and received by Siddeeq Q. Williams and his coconspirator, Gemal Singleton; (ii) the arrests of and charges brought against Siddeeq Q. Williams and Gemal Singleton; and (iii) the seizure of the Defendants in rem pursuant to a search of 28334 Schoolhouse Road, Columbus, New Jersey.

7. Commencing in or about November 2016, special agents and task force officers of the United States Drug Enforcement Administration ("DEA"), New Jersey Division, (collectively, the "DEA" or "law enforcement"), were involved in the investigation of a drug trafficking organization ("DTO") operating in California, New Jersey, and elsewhere in the United States. The DTO was involved in the transportation and trafficking of large kilogram quantities of narcotics from California to New Jersey. Specifically, the DTO used tractor-trailers to transport narcotics and narcotics proceeds between New Jersey and California.

### A. August 2017 Narcotics Deliveries to Singleton and Williams

8. In or around July 2017, the DEA learned that a New Jersey-based member of the DTO, Siddeeq Q. Williams ("Williams"), his coconspirator, Gemal Singleton ("Singleton"), and others were involved in the trafficking of large kilogram quantities of cocaine and heroin. The narcotics that Williams and Singleton were involved in trafficking had been transported into the District of New Jersey by tractor-trailer.

9. A law enforcement investigation revealed that on or about August 6, 2017, the driver of a tractor-trailer transporting a large quantity of narcotics was supposed to meet with Singleton and Williams at a location in Essex County, New Jersey. As a result, law enforcement engaged in physical surveillance of Williams and Singleton. Law enforcement observed that Williams and Singleton were both driving rented vehicles. Specifically, law enforcement observed that Williams was driving a Cadillac vehicle and Singleton was driving a GMC Acadia (the "Acadia").

10. On or about August 7, 2017, at approximately 2:50 a.m., while law enforcement was conducting physical surveillance of Singleton in the Acadia, it appeared that Singleton noticed the presence of law enforcement and Singleton accelerated the Acadia to a speed of over approximately 120 miles per hour in order to avoid law enforcement. Information gathered by law enforcement, which included video surveillance subsequently obtained by law enforcement, revealed that, shortly after speeding off, Singleton successfully met with the driver of a red tractor-trailer and received a shipment of narcotics, suspected to be approximately 50 kilograms of heroin and cocaine. More specifically, video surveillance footage showed that the Acadia pulled next to a red tractor-trailer at a location in Hillside, New Jersey, and that the driver or passenger of the tractor-trailer and Singleton then placed a large bag into the trunk of the Acadia.

11. Shortly after the August 7, 2017 shipment, Singleton and Williams coordinated the transport of a second, large kilogram-quantity load of narcotics

from California to New Jersey. Evidence obtained by law enforcement revealed that a second load of narcotics would be delivered to New Jersey in late August 2017 utilizing the same red tractor-trailer as that captured in the previously-described video surveillance. The evidence also revealed that Singleton had rented a car, which he planned to use to meet the driver of the tractor-trailer and retrieve the narcotics.

12. On or about Sunday August 27, 2017, law enforcement established stationary surveillance along the New Jersey Turnpike. At approximately 5:30 a.m., law enforcement observed a red tractor, pulling a white trailer bearing California license plates. The red tractor was traveling in the northbound truck lanes of the New Jersey Turnpike in the area of Exit 10. At approximately 5:46 a.m., law enforcement conducted a motor vehicle stop of the tractor-trailer.

13. When law enforcement officers approached the tractor-trailer, they observed the passenger of the tractor-trailer jump to the back sleeper section of the tractor-trailer.

14. Law enforcement observed the passenger of the tractor-trailer attempting to zip up a large duffel bag containing numerous kilogram packages of a white powdery substance with "PP" written in black marker. The passenger of the tractor-trailer later admitted that the packages were narcotics.

15. The driver and passenger of the tractor-trailer each verbally consented to a search of the tractor-trailer, and signed DEA consent to search forms.

16. The passenger of the tractor-trailer also admitted that he and the driver of the tractor-trailer had made a previous trip to New Jersey to deliver narcotics and receive United States currency in exchange for narcotics.

17. A Union County Sheriff's Department K-9 Unit arrived at the location at which the tractor-trailer had been stopped, and a law enforcement officer deployed her certified narcotics detection dog, "Sam," to conduct a free-air sniff of the exterior of the tractor-trailer.

18. Sam signaled, through a distinctive set of behaviors, that he detected a controlled substance in the area of the gas tank and sleeper section of the tractor trailer.

19. At the time of the August 27, 2017 stop of the tractor-trailer, K-9 Sam had been most recently certified in narcotics detection in or about March 23, 2017.

20. Sam has been re-tested and re-certified biannually, as required by the State of New Jersey. Sam and his handler also complete a required amount of training exercises each month to maintain their skills.

21. Among other things, Sam is trained to distinguish between uncirculated currency and currency that was recently exposed to one of the five controlled substances Sam is trained to detect (methamphetamine, marijuana, cocaine, heroin, and ecstasy).

22. Law enforcement proceeded to conduct a lawful search of the tractor-trailer and located a total of five large duffel bags containing approximately 141 shrink-wrapped packages, which were packaged in a

manner consistent with the manner in which cocaine and heroin are packaged for distribution. The packages, which contained approximately 141 kilograms of narcotics, were seized and brought to a DEA laboratory for preliminary testing, which showed that the packages contained substances that tested positive for cocaine and heroin. The seized narcotics were determined to consist of approximately 85 kilograms of cocaine and 56 kilograms of heroin with a street value of approximately $4 to $6 million.

### B. Arrests of Singleton and Williams

23. On or about August 30, 2017, the DEA arrested Singleton and attempted to arrest Williams. Williams, who was driving a black Honda Pilot at the time that he was approached by law enforcement, attempted to evade law enforcement by accelerating to a high rate of speed and driving his vehicle in a reckless manner, including driving against traffic. Law enforcement officers pursued Williams's vehicle in an undercover law enforcement vehicle and called for assistance. Williams then unsuccessfully attempted to run his vehicle into a second undercover law enforcement vehicle before ramming his vehicle into the first undercover law enforcement vehicle, pushing it off the road.

24. Williams drove away, but turned himself into law enforcement over a day later.

25. Also on or about August 30, 2017, a sealed criminal complaint was filed in the United States District Court for the District of New Jersey, *United States v. Gemal Singleton and Siddeeq Q. Williams*, Magistrate No. 17-6632, charging Williams and Singleton with conspiracy to distribute narcotics,

contrary to 21 U.S.C. §§ 841 (a)(1) and (b)(1)(a), in violation of 21 U.S.C. § 846, as a result of the narcotics transactions that occurred on or about August 7, 2017 and August 27, 2017. Additionally, Williams was charged with assault on federal officers for his conduct on or about August 30, 2017, in violation of 18 U.S.C. §§ 111(a)(1) and (b).

### C. November 15, 2017 Search of 28334 Schoolhouse Road

26. On or about November 15, 2017, DEA executed search warrants issued by a United States Magistrate Judge in the District of New Jersey, at the following three residences: (a) ▮ Serenity Court, Southampton, New Jersey, (b) ▮ East Mae Avenue, Southampton, New Jersey, and (c) 28334 Schoolhouse Road, Columbus, New Jersey, which is owned by one of Williams's family members, Annette Williams.

27. Narcotics traffickers frequently maintain large amounts of United States currency on hand in order to maintain and finance their ongoing business. In order to spread their money or proceeds out over several locations, narcotics traffickers commonly stash currency or other valuables involved in narcotics trafficking in not only their own residences, vehicles, and rental storage facilities, but also at the residences of family members and associates. These items are commonly hidden using safes or other hidden or concealed compartments, or even concealed behind walls.

28. At approximately 7:20 p.m. on or about November 15, 2017, law enforcement officers arrived at 28334 Schoolhouse Road, Columbus, New Jersey. The agents executing the search warrant knocked, identified

themselves, and announced that they had a search warrant for the residence. There was no response although the agents were able to hear a television on inside the residence. After several minutes, the agents forcibly entered the residence and found it unoccupied. Law enforcement officers commenced a search of the residence, and located a brown metal safe hidden in a kitchen cabinet over the kitchen sink. The safe contained the defendant watch, wrapped in a heat seal type plastic, and a large amount of United States currency, which was bundled in rubber bands and was subsequently determined to be approximately $41,000 in United States currency. The currency was in the following denominations: 596 $10.00 bills and 1,752 $20.00 bills.

29. The large amount of $20 bills is consistent with low-denomination currency used in narcotics trafficking.

30. Law enforcement also found a larger brown and beige safe in a storage closet in the basement. More specifically, DEA noticed sawdust on the floor of the basement and unpainted wood on a basement wall, which is indicative of new construction. Law enforcement agents moved a brand new tool cabinet that appeared to have been purposely placed to conceal the wood on the wall. Law enforcement agents then removed the wood on the wall and found a void containing a safe. The safe was forced open, and law enforcement found that it contained a large amount of United States currency bundled in rubber bands. Inside the safe, law enforcement also found multiple previously-opened heat-seal type plastic bags. Such heat-sealed bags are commonly used

by drug traffickers to transport narcotics and proceeds in effort to conceal the odor of narcotics from police canines. The currency was subsequently determined to be approximately $55,001 in United States currency consisting of the following: 4 $1.00 bills, 1 $2.00 bill, 1 $5.00 bill, 138 $10.00 bills, 728 $20.00 bills, 245 $50.00 bills, and 268 $100.00 bills. In addition to the defendant currency and defendant watch found at 28334 Schoolhouse Road, law enforcement also found mail addressed to Siddeeq Williams on a desk in the rear bedroom of the residence.

31. An Ocean County Sheriff's Office K-9 Unit arrived at 28334 Schoolhouse Road during the execution of the search warrant. Prior to law enforcement opening the safes found at the residence, an officer deployed his certified narcotics detection dog, "Utah," to screen the safes in which the defendant currency was found.

32. Utah signaled, through a distinctive set of behaviors, that he detected a controlled substance on the currency. Among other things, Utah is trained to distinguish between uncirculated currency and currency that was recently commingled with one of the five controlled substances Utah is trained to detect (methamphetamine, marijuana, cocaine, heroin, and ecstasy).

33. At the time of the execution of the November 2017 search warrant at 28334 Schoolhouse Road, K-9 Utah had most recently been certified in narcotics detection in or about June 2017 by the State of New Jersey, and in October 2017 by the Ocean County Sherriff's Office.

34. Utah has been re-tested and re-certified biannually, as required by the State of New Jersey. Furthermore, Utah is re-tested and re-certified monthly, as required by the Ocean County Sherriff's Office. Utah and her handler also complete a required amount of training exercises each month to maintain their skills.

35. The defendant currency and the defendant watch were seized pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code.

36. On or about November 8, 2017, Singleton pleaded guilty, pursuant to a plea agreement with the United States, to a one-count Information charging him with conspiracy to distribute narcotics on or about August 27, 2017, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), in violation of 21 U.S.C. § 846. *See United States v. Gemal Singleton*, Crim. No. 17-485.

37. Also on or about November 8, 2017, Williams pleaded guilty, pursuant to a plea agreement with the United States, to a two-count Information charging him with conspiracy to distribute narcotics on or about August 27, 2017, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), in violation of 21 U.S.C. § 846 (Count One); and assault on two federal officers on or about

August 30, 2017, in violation of 18 U.S.C. §§ 111(a)(1) and (b) (Count Two). *See United States v. Siddeeq Q. Williams*, Crim. No. 17-484. Williams's plea agreement stated that in exchange for Williams's guilty plea to the charges in the Information, Williams would not be prosecuted for conspiring to distribute, and distributing or possessing with intent to distribute, controlled substances from on or about December 2016 through on or about August 27, 2017. Williams's plea agreement further stated that, as part of his acceptance of responsibility, he agreed to forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

38. The DEA initiated administrative forfeiture proceedings against the Defendants in rem. On or about February 2, 2018, Anthony Williams, Sr. and Annette Williams each filed claims of ownership with the DEA contesting the forfeiture of the Defendants in rem.

39. In the claims filed by Anthony and Annette Williams, which were made under oath and subject to the penalty of perjury, the claimants stated that they were the owners of the Defendants in rem.

## IV. **CLAIM FOR FORFEITURE**

40. The allegations contained in paragraphs 1 through 39 of this Complaint are incorporated herein and made part hereof.

41. As a result of the foregoing, the Defendants in rem are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because the Defendants in rem constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or proceeds traceable to an exchange of moneys or other things of value furnished in exchange for a controlled substance in violation of Title 21, Subchapter I, of the United States Code.

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendants in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the Defendants in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendants in rem; that the Defendants in rem be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Dated: Newark, New Jersey
       May 3, 2018

CRAIG CARPENITO
United States Attorney

*s/ Sarah Devlin*
By: SARAH DEVLIN
Assistant United States Attorney

## VERIFICATION

STATE OF NEW JERSEY      )
COUNTY OF ESSEX          : ss.:
DISTRICT OF NEW JERSEY   )

Officer Robert Fernandez, being duly sworn, deposes and says that he is a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws; that he has been deputized as a Special Federal Officer by the U.S. Drug Enforcement Administration, and as such has responsibility for this action; that he has read the foregoing Complaint and knows the contents thereof; and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information on the grounds of his belief are official records and files of the Drug Enforcement Administration, the State of New Jersey, and the United States Government, and information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Title 21, United States Code.

_____
Officer Robert Fernandez
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
This 3rd day of May, 2018
at Newark, New Jersey

_____
Jaclyn Wyrwas
Attorney-at-Law of the State of New Jersey

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Approximately $96,001 in United States currency and one Rolex Oyster Perpetual Datejust Watch, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Sarah Devlin, United States Attorneys Office, 970 Broad Street, 7th Fl., Newark, N.J. 07102; sarah.devlin3@usdoj.gov; 973-645-2740

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C § 881(a)(6)

Brief description of cause:
Money furnished or intended to be furnished by a person for a controlled substance or traceable to such exchange

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

2018V00204/SD/gr
CRAIG CARPENITO
United States Attorney
By: SARAH DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 645-2700
Fax: (973) 297-2042
Sarah.Devlin3@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18- |
| APPROXIMATELY $96,001 IN UNITED STATES CURRENCY; | : | **WARRANT FOR ARREST *IN REM*** |
| | : | |
| AND | : | |
| | : | |
| ONE ROLEX OYSTER PERPETUAL DATEJUST WATCH MODEL NO.16233, SERIAL NO. 1747098 | : | |
| | : | |
| Defendants *in rem*. | | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on May 3, 2018 in the United States District Court for the District of New Jersey, alleging that the defendant property, namely approximately $96,001 in United States currency and one Rolex Oyster Perpetual Datejust Watch Model

No.16233, Serial No. 1747098 is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____  _____
Clerk of the Court

By:  _____
Deputy Clerk